**Order filed June 5, 2012**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00129-CV
_____

### IN THE MATTER OF Z.Q., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 86707**

## ABATEMENT ORDER

This is an appeal from the denial of appellant's application for writ of habeas corpus related to the final order finding that appellant had engaged in delinquent conduct while a juvenile. The clerk's record was filed March 2, 2012. Appellant, who is pro se, requested that a supplemental clerk's record be filed containing his Amended Original Petition for Writ of Habeas Corpus, with Exhibits A — E. On May 16, 2012, Darla Turner, a Deputy Clerk with the Harris County District Clerk's office notified appellant that "This document cannot be located in the Court's file, and we have no indication of the filing."

On May 29, 2012, appellant provided this court with a copy of the requested filing that bears a file stamp dated October 18, 2011. He requests that we make the requested document part of the official record in this case. A copy of appellant's correspondence with attachments is attached hereto.

Rule 34.5(e) of the Texas Rules of Appellate Procedure provides:

> If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must — on any party's motion or at the appellate court's request — determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

Accordingly, the appeal is **ABATED** and the cause **REMANDED** to the trial court so that the court may conduct a hearing at which appellant, and counsel for the State are present, either in person or by videoteleconference, to determine whether the parties can agree on what constitutes an accurate copy of the missing item, and order it to be included in a supplemental clerk's record. If the parties cannot agree, the trial court must determine what constitutes an accurate copy of the missing item and order it to be included in a supplemental clerk's record. The court is directed to (1) see that a record of the hearing is made; (2) reduce its findings to writing; (3) order that a transcribed record of the hearing or recording of the video teleconference be furnished to this court; and (4) order a supplemental clerk's record containing the court's findings be filed with the clerk of this court, together with an accurate copy of the missing item. These records shall be filed with the clerk of this court on or before **July 6, 2012.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement

to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM